UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAULA BOYKIN | = | CIVIL ACTION NO: |
| | = | 2:22-cv-03088-EEF-DPC |
| VERSUS | = | |
| | = | JUDGE ELDON E. FALLON |
| LESA SURGI | = | |
| | = | MAG. DONNA PHILLIPS CURRAULT |

**ORDER & REASONS**

Before the Court is Defendant Lesa Surgi's Motion to Dismiss for Lack of Subject Matter Jurisdiction, R. Doc. 14. After reviewing the motion, memoranda, record, and applicable law, the Court rules as follows.

**I.    BACKGROUND:**

This case arises out of alleged personal injury to Plaintiff Paula Boykin when she climbed onto a partially floored open upstairs section of a building owned by Defendant Lesa Surgi. R. Doc. 1 at 2. Plaintiff is a resident of Louisiana and Defendant was a resident of Texas at the time the complaint was filed. *Id.* at 1. Plaintiff alleges that, at Defendant's behest, she climbed onto the partially floored area to empty buckets of water collected as the result of a leak in the roof. *Id*. at 2. Allegedly, Plaintiff slipped and fell through the rafters onto the ceiling above an office. *Id.*

Plaintiff brought suit against Defendant in federal court under diversity jurisdiction, asserting negligence. *Id.* at 2-5. Plaintiff seeks damages including, but not limited to: (1) actual, statutory, and punitive damages; and (2) interest from the date of judicial demand until paid. *Id.*

Defendant generally denies Plaintiff's allegations and assert a number of affirmative defenses, including: (1) protection from liability under the written lease under LA. Rev. Statute 9:32221; (2) Plaintiffs own failure to take due care for her own safety; (3) the hazard is an open and obvious condition of the premise which does not constitute a defect in the premise because

1

Plaintiff can see it and could be avoided with reasonable care; and (4) the conditions of the accident were caused by an Act of God. R. Doc. 7 at 2-4.

## II.   PENDING MOTION

Defendant Lesa Surgi filed a motion to dismiss for lack of subject matter jurisdiction on July 28, 2023, R. Doc. 14, and then shortly thereafter filed a motion for summary judgment on August 1, 2023, R. Doc. 15.

Defendant Surgi asserts that while she was a resident of Texas at the time the complaint was filed, diversity jurisdiction is nonetheless improper because the owner of the property, and thus the proper landlord, was Surgi Properties, LLC. R. Doc. 14. Surgi Properties, LLC is a Louisiana corporation. *Id.* Thus, Surgi moves the Court to dismiss this matter, as the landlord and tenant/Plaintiff are both residents of Louisiana and diversity jurisdiction cannot be maintained. R. Doc. 14-1 at 1-3. In support of her motion, Surgi attaches a copy of the lease agreement, which lists her as the landlord with a handwritten note above her name stating "Surgi Properties, LLC, c/o" such that it would read "Surgi Properties, LLC, c/o Lesa Surgi." *Id.*; Commercial Lease, R. Doc. 14-3 at 7. Surgi additionally states in both her memorandum and her deposition that Plaintiff Boykin made out rent checks to Surgi Properties, LLC. R. Doc. 14-1 at 3; Surgi Depo., R. Doc. 14-3 at 34-36.

Plaintiff Boykin argues in opposition that there is no lack of diversity between the named parties, noting in a footnote that the fact that Surgi moved from Texas to Louisiana after the complaint was filed does not destroy diversity. R. Doc. 22 at 2-3. Boykin additionally argues that Louisiana Civil Code Article 2674 permits a non-owner to be bound by a lease because it provides that "[a] lease of a thing that does not belong to the lessor may nevertheless be binding on the parties." R. Doc. 22 at 3 (quoting LA. CIV. CODE ANN. art. 2674). Should the Court agree that the

2

LLC is the proper landlord, Boykin alleges that Surgi as the "sole owner and manager of Surgi Properties, LLC" may still be held liable for torts committed by the LLC. *Id.* at 4-7. Lastly, Boykin argues that Surgi's real estate agent's unilateral edit on Surgi's copy of the lease does not un-bind Surgi from the originally signed lease, as the lease includes language requiring any amendment to be written and signed by both parties. *Id.* at 5-6.

Neither party has moved to amend the pleadings or otherwise substitute or implead the LLC in place of, or in addition to, Lesa Surgi.

### III. APPLICABLE LAW

A federal court has original jurisdiction over claims involving parties who are citizens of different states when the value in controversy between the parties exceeds $75,000. 28 U.S.C. § 1332. Federal Rule of Civil Procedure 21 permits a court to "at any time, on just terms, add or drop a party," however the Fifth Circuit has rejected the use of Rule 21 to substitute a diverse party for a non-diverse party so that the court can sit in diversity jurisdiction. FED. R. CIV. P. 21; *Salazar v. Allstate Texas Lloyd's Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) (holding that a district court abused its discretion when it used Rule 21 to substitute parties and thereafter assert diversity jurisdiction). While *Salazar v. Allstate Texas Lloyd's* did not rule on whether Rule 21 authorizes a court to add a non-diverse party in place of a diverse party and thereafter dismiss the matter for lack of jurisdiction, the Fifth Circuit has held that district courts may not dismiss an action purely on misjoinder grounds, quoting the plain language of Rule 21. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522-23 (5th Cir. 2010) ("As noted above, since Rule 21 establishes that '[m]isjoinder of parties is not a ground for dismissing an action,' the district court erred when it dismissed this entire action, rather than simply dismissing the claims of any misjoined plaintiffs.").

Under Louisiana law, a lessor need not be the owner to lease premises and be bound by said lease. LA. CIV. CODE ANN. art. 2674; *KAI Enterprises, L.L.C. v. Boh Bros. Construction Co.*, 731 F. Supp. 2d 568, 575 (E.D. La. 2010) ("Under Louisiana law, for example, '[a] lease of a thing that does not belong to the lessor may nevertheless be binding on the parties.'") (quoting LA. CIV. CODE ANN. art. 2674); *Coleman v. Tettleton*, 287 So. 2d 802, 803 (La. App. 2 Cir. 1973) ("Thus, from these codal authorities the rule is well established in this State that a person may lease property of which he is not the owner.") (collecting sources).

## IV. DISCUSSION

As it stands, there are two parties to this lawsuit: Plaintiff Paula Boykin of Louisiana and Defendant Lesa Surgi of Texas. In Boykin's complaint, she alleges that Surgi is liable for negligence for because: (1) "at the specific behest of defendant, Lesa Surgi, complainant Paula Boykin climbed into a partially floored open upstairs" and subsequently was injured; (2) Surgi was negligent "in creating or maintaining hazardous conditions in the leased premises" which was the proximate cause of Boykin's injuries; (3) Surgi failed "to exercise reasonable care" in addressing the chronic leak and attic floorspace, which rendered the building "unreasonably dangerous in normal use" triggering strict liability; and (4) Surgi failed to make necessary repairs to the roof and attic floorspace. Complaint, R. Doc. 1 at 2-3. Regardless of whether the LLC was negligent in connection to any of these claims, Boykin states that "*Lesa Surgi* did negligently insist that Paula Boykin enter into the attic space of the leased premises to empty buckets of water, a task acknowledged by Lesa Surgi in her deposition, as being dangerous. Such actions constitute a traditional tort." R. Doc. 22 at 8 (emphasis added). As such, she maintains that an action against Surgi as an individual remains proper.

The Court finds it unnecessary to engage with the issues of LLC-member-tort liability or the validity of the lease instrument and finds it sufficient to deny Surgi's motion on the basis that the named parties, Plaintiff Boykin of Louisiana and Defendant Surgi of Texas, are diverse and the amount in controversy exceeds $75,000.

For the foregoing reasons, Defendant Surgi's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

New Orleans, Louisiana, this 24th day of August, 2023.

_____
United States District Judge