UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAULA BOYKIN | = | CIVIL ACTION NO: |
| | = | 2:22-cv-03088-EEF-DPC |
| VERSUS | = | |
| | = | JUDGE ELDON E. FALLON |
| LESA SURGI | = | |
| | = | MAG. DONNA PHILLIPS CURRAULT |

## ORDER & REASONS

Before the Court is Defendant Lesa Surgi's Motion for Summary Judgment, R. Doc. 15. After reviewing the motion, memoranda, record, and applicable law, the Court rules as follows.

## I.     BACKGROUND:

This case arises out of alleged personal injury to Plaintiff Paula Boykin when she climbed onto a partially floored open upstairs section of a building owned by Defendant Lesa Surgi. R. Doc. 1 at 2. Plaintiff is a resident of Louisiana and Defendant was a resident of Texas at the time the complaint was filed. *Id.* at 1. Plaintiff alleges that, at Defendant's behest, she climbed onto the partially floored area to empty buckets of water collected as the result of a leak in the roof. *Id.* at 2. Allegedly, Plaintiff slipped and fell through the rafters onto the ceiling above an office. *Id.*

Plaintiff brought suit against Defendant in federal court under diversity jurisdiction, asserting negligence. *Id.* at 2-5. Plaintiff seeks damages including, but not limited to: (1) actual, statutory, and punitive damages; and (2) interest from the date of judicial demand until paid. *Id.*

Defendant generally denies Plaintiff's allegations and assert a number of affirmative defenses, including: (1) protection from liability under the written lease under LA. Rev. Statute 9:32221; (2) Plaintiffs own failure to take due care for her own safety; (3) the hazard is an open and obvious condition of the premise which does not constitute a defect in the premise because

Plaintiff can see it and could be avoided with reasonable care; and (4) the conditions of the accident were caused by an Act of God. R. Doc. 7 at 2-4.

## II.    PENDING MOTION

Defendant Surgi moves the Court for summary judgment dismissing Plaintiff Boykin's claim. R. Doc. 15. Surgi alleges that the conditions in the attic space where Boykin was injured were open and obvious and therefore she is not liable as a matter of law. R. Doc. 15-1 at 7. Boykin opposes the motion, arguing that under Louisiana's duty/risk analysis, applied to negligence under art. 2315 (defendant's negligent conduct) as well as art. 2317.1 (premises liability), the question of whether the attic presented an open and obvious risk is ripe with fact questions and therefore inappropriate for summary judgment. *See* R. Doc. 23 at 5, 10-11.

## III. APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

2

Under Louisiana law, courts apply the same duty/risk analysis to negligence claims, whether they arise out of a defendant's negligent conduct or out of liability for defects in premises. *Farrell v. Circle K. Stores, Inc.*, 359 So. 3d 467, 473 (La. 2023) ("Whether a claim arises in negligence under La.Civ.Code art. 2315 or in premises liability under La.Civ.Code art. 2317.1, the traditional duty/risk analysis is the same."). A plaintiff asserting a negligence claim must prove:

> (1) the defendant had a duty to conform [their] conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element).

*Id.* Courts use a four-factor risk/utility balancing test to analyze the breach element, considering "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Id.* at 474 (citing *Bufkin v. Louisiana Transit Co.*, 707 So. 2d 1225, 1231 (La. 1998)).

In *Farrell v. Circle K Stores*, the Louisiana Supreme Court clarified a long line of negligence case law, instructing courts to analyze the open and obvious question within the breach element. *Id.* at 478 ("Acknowledging the confusion which has arisen and the legitimate criticism thereof, we specifically clarify herein that whether a condition is open and obvious is embraced within the breach of the duty element of the duty/risk analysis and is not a jurisprudential doctrine barring recovery, but only a factor of the risk/utility balancing test.").

Breach is "a mixed question of law and fact." *Id.* at 476 (quoting *Broussard v. State ex rel. Office of State Buildings*, 113 So. 3d 175, 183 (La. 2013)). As the Supreme Court noted in *Farrell*, this *Broussard* language "was later misinterpreted" by lower courts as meaning that the breach question "must always be presented to the trier of fact and cannot be resolved as a matter of law

3

on summary judgment." *Id.* Rather, the Supreme Court explained that summary judgment may be appropriate "upon a finding that reasonable minds could only agree that the condition was not unreasonably dangerous; therefore, the defendant did not breach the duty owed. In such instance, the plaintiff would be unable to prove the breach element at trial." *Id.* at 478.

The *Farrell* Court accordingly applied the risk/utility balancing test to the alleged open and obvious hazard faced by that plaintiff to determine whether it was unreasonably dangerous as a matter of law. *Id.* at 474. The hazard in *Farrell* was a pool of water containing a slick substance at the edge of a gas station where the plaintiff was walking her dog. *Id.* at 471-72. Going through the risk/utility factors, the Court first determined that the pool lacked social utility because it was unintended. *Id.* at 474 ("If it was meant to be there, it often will have social utility, and in the balancing test, weigh against a finding that the premises was unsafe."). The Court then found, based on "the location of the pool of water, the size and condition thereof, and the fact that the condition was apparent to all who may encounter it," that the pool was unlikely to cause serious harm. *Id.* at 475, 478-79 (noting that "the size of the allegedly unreasonably dangerous condition is relevant" because the bigger it is, the more likely one is to avoid it). The Court did not consider the cost of prevention, because the record in the case presented no evidence one way or another, and then finally concluded that the social utility/dangerousness of the activity factor cautioned against finding the pool, or its slick contents, unreasonably dangerous. *Id.* at 479.

The Court stated that, in finding that the condition was not unreasonably dangerous, "Defendants met their initial burden of pointing out the absence of factual support for the breach element" and therefore "the burden shifted to Plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Defendants are not entitled to

judgment as a matter of law." *Id.* Finding the plaintiff failed this burden, the Court mandated summary judgment for the defendants. *Id.*

## IV. DISCUSSION

For Defendant Surgi to prevail on her motion for summary judgment, she must be able to show "that reasonable minds could only agree that the condition was not unreasonably dangerous" under the risk/utility balancing test. *Farrell*, 359 So. 3d at 478. She argues these factors weigh in her favor because (1) there is an obvious utility to the rafters, (2) the condition of the space, including the suspended pipe, is "readily apparent to all who encounter it," thus the likelihood of harm is low, and (3) Boykin's traversing the space held some utility and was not dangerous by nature. R. Doc. 15-1 at 11-13. Surgi acknowledges that "the cost of flooring the entire attic is probably not excessive." *Id.* at 12.

Surgi has not met her initial burden to show "the absence of factual support for the breach element." *See Farrell*, 359 So. 3d at 478. On risk/utility factor two, where the open and obvious question is analyzed, Surgi has failed to definitively show that reasonable minds could only agree the risks were obvious and apparent to all. Both parties have introduced into the record photos of the attic space at various points in time. R. Doc. 15-1 at 2-3; R. Doc. 23-4; R. Doc. 23-5; R. Doc. 23-6 at 9-13. The photos and competing accounts from Surgi and Boykin as to the state of the attic present genuine disputes of material facts such that reasonable minds could differ on the obviousness of danger.

Even assuming Surgi has met her burden to show "the absence of factual support for the breach element," Boykin has met her burden to "produce factual support sufficient to establish the existence of a genuine issue of material fact" thus barring a summary judgment finding at this time. For example, Boykin notes that "the color of the insulation between the rafters and the ceiling

joists is very similar to the color of the wooden joists," referencing a photograph also in the record. Statement of Material Facts, R. Doc. 23-8; Photo Captioned "This was Taylor's bucket," R. Doc. 23-4. Such a fact could lead a reasonable fact finder to conclude the area was more or less dangerous based on how clearly distinct the insulation was from the rafters. Accordingly, the Court cannot find that Defendant is entitled to judgment as a matter of law on the breach element.

   For the foregoing reasons, Defendant Surgi's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, this 29th day of August, 2023.

                    _____
                     United States District Judge